# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DAVID W. FULFORD,**

                              **Plaintiff,**

**-vs-**                                            **Case No.  6:07-cv-1196-Orl-22KRS**

**NCO FINANCIAL SYSTEMS, INC., d/b/a
NCO-Medclear,**

                              **Defendant.**

_____

## ORDER

This cause comes before the Court for consideration of the Magistrate Judge's June 17,

2008 Report and Recommendation ("R&R"), as well as Plaintiff David W. Fulford's Objection

to the R&R and Defendant NCO Financial Systems, Inc., d/b/a NCO-Medclear's ("NCO").

Response to that Objection.[1]

In his Complaint, Fulford alleged that NCO violated the Fair Debt Collection Practices

Act, the Fair Credit Reporting Act, and Florida's Consumer Collection Practices Act; the

pleading also asserted a state-law claim of slander of credit.  Within a month of its filing, the

case was settled by means of Fulford's acceptance of NCO's offer of judgment ("OOJ").[2] (Doc.

No. 11.)  Pursuant to the OOJ, judgment in the amount of $1,500.00 is to be entered against

NCO.  (*Id.*).  The OOJ further provides, in pertinent part:

> The Judgment entered shall also include an amount for
> reasonable costs and attorney's fees accrued through the date of

_____

[1]To the extent NCO's Response raises objections to the R&R, those objections are both
untimely, *see* Local Rule 6.02, and without merit.

[2]The OOJ was accepted on August 21, 2007 and filed on October 2, 2007.  (*See* Doc. No. 11.)

> this Offer of Judgment.  Reasonable costs and attorney's fees are
> to be agreed upon by the parties, or, if the parties are unable to
> agree, to be determined by the Court on application by plaintiff's
> counsel subject to the limitation that attorney's fees and costs are
> cut off as of the date of this Offer of Judgment[.]

(*Id.*)

Unfortunately, the parties were unable to agree on the amount of fees and costs.  (*See*
Doc. No. 15.)  Accordingly, on November 30, 2007, Fulford's counsel filed an application
seeking professional fees in the sum of $10,330.00 for attorney and paralegal services, and costs
in the amount of $735.97.  (Doc. No. 18.)  NCO opposed the motion.  (Doc. No. 21.)

Pursuant to referral, the Magistrate Judge addressed the motion for fees and costs by
means of the R&R.  (Doc. No. 22.)  Therein, she recommended that the fee request be reduced
in some respects and arrived at a lodestar sum of $7,791.  (*Id.* at 5-13.)  Then, the Magistrate
Judge  recommended that the lodestar figure be reduced by 50%, to $3,895.50.  (*Id.* at 13-15.)
In formulating the recommended downward adjustment to the lodestar, the Magistrate Judge
relied on a number of circumstances.  First, she said, before filing suit, Fulford and his counsel
should have confirmed that the disputed debt still appeared on his credit report.  (*Id.* at 14.)
This is significant because well before the complaint was filed, NCO had requested that the debt
be deleted.  Second, the Magistrate Judge stated:

> Moreover, the Time Sheets indicate that counsel contacted [the
> debt collector] directly, but they do not show contact with NCO,
> which would have been prudent in an attempt to determine the
> status of the matter.  Had counsel contacted NCO, they likely
> would have learned well before the complaint was filed that
> NCO had requested that the debt be deleted.  If some part of the
> 34.4 hours litigating this case before the complaint was filed had
> instead been devoted to settlement efforts with NCO, it is likely

> that the case would have been resolved much sooner with far less
> attorney involvement.

(*Id.*)  (alteration added.)  Finally, the Magistrate Judge noted that the amount of Fulford's

recovery under the OOJ was less than he originally sought.  (*Id.*)

Fulford objects to the reduction of the lodestar figure.  He focuses on the Magistrate

Judge's reliance on the absence of any indication that his counsel ever contacted NCO to

determine the status of the debt, and the Magistrate Judge's related observation that if Fulford's

counsel had spent some time attempting to settle the dispute pre-suit, the case could have been

resolved sooner and with less expense.  Fulford's counsel say they did, in fact, contact NCO

before filing suit in an effort to settle the case.  Moreover, they have presented evidence

supporting that contention.  In that regard, they have filed a copy of a letter they sent NCO's

President on June 14, 2007.  (Ex. A to Doc. No. 23.)  They also sent a similar letter to the debt

collector.  (Ex. B to Doc. No. 23.)  They included with these letters drafts of the complaint they

proposed to file.[3]  (Exs. A & B to Doc. No. 23.)  Regarding the subject of settlement, the June

14th letters state:

> In light of the foregoing and based on our client's willingness to
> resolve this matter in as expeditious a manner as possible, we
> thought we would forward the draft complaint to you for
> settlement discussion purposes prior to filing the same.  You are
> of course under no obligation to respond to this letter at all;
> however, in order to ensure that our client's rights are adequately
> protected, unless we hear from you within ten (10) days, we will
> assume that you do not wish to attempt to amicably resolve this
> matter and will file the attached complaint or a revised version
> thereof at that time.  Regrettably, the above timeframe is
> necessary as Mr. Fulford will be closing on a new home in

---

[3]The proposed complaint named both NCO and the debt collector as defendants.

> September and has been advised by his lender that the erroneous
> debt is negatively affecting his credit rating, which in turn, is
> impacting his interest rate.  Therefore, Mr. Fulford must take
> action immediately.

(*Id.*)

Within six days, the debt collector's general counsel responded to the letter and notified Fulford's attorneys that although the company's internal investigation into the matter had revealed no violations, the debt collector "ha[d] decided to close and return the account back to its client." (Ex. C to Doc. No. 23.)  Based on that correspondence, Fulford's counsel elected to not sue the debt collector.  (Doc. No. 23, ¶ 15.)  In contrast, says Fulford's attorneys, NCO did not reply to the June 14th letter.  (*Id.*, ¶ 16.)  In its response to Fulford's objection to the R&R, NCO confirms this allegation, stating:  "NCO opted to cease and desist and delete the information in lieu of acquiring debt validation and responding to plaintiff's dispute letter." (Doc. No. 24, ¶ 3.)

Based on this newly-presented information, it appears that Fulford's counsel did contact NCO in an effort to settle the dispute pre-suit.  Further, while it was certainly within NCO's rights not to reply to the June 14th letter, the actions of Fulford's attorneys vis-a-vis the debt collector who did respond to the letter indicate that NCO might never have been sued at all if it had chosen to reply.  At the very least, if NCO had responded to the letter and notified Fulford's attorneys that the company had deleted the adverse credit information, the case likely could have been settled pre-suit, thereby reducing the hours expended by Plaintiff's counsel.

Nevertheless, the other two circumstances the Magistrate Judge relied on as a basis for reducing the lodestar remain viable.  That is, before filing suit, Fulford's counsel should have confirmed that the disputed debt still appeared on Fulford's credit report; apparently, they did not.  Further, it is inescapably clear that Fulford received less via the OOJ than he originally sought in this lawsuit.

Given these collective circumstances, the Court determines that the Magistrate Judge was correct in reducing the lodestar figure.  However, in light of the new evidence Fulford's counsel have presented regarding their pre-suit settlement efforts, the undersigned judge determines that the lodestar should be reduced by 25%, rather than by 50%.

Based on the foregoing, it is ORDERED as follows:

1.  The June 17, 2008 Report and Recommendation (Doc. No. 22) is ADOPTED AND APPROVED, except insofar at it recommends that the lodestar attorneys' fees figure be reduced by 50%.  As previously stated, given the new evidence Plaintiff has presented, an appropriate reduction is 25%.

2.  Plaintiff David W. Fulford's Objection to Court's Report and Recommendation (Doc. No. 23), filed on June 26, 2008, is SUSTAINED insofar as it objects to the recommended 50% reduction of the lodestar figure, and OVERRULED insofar as it seeks no reduction at all.

3.  The Application of Saxon, Gilmore, Carraway, Gibbons, Lash & Wilcox, P.A. for Reasonable Attorney's Fees and Costs (Doc. No. 18), filed on November 30, 2007, is GRANTED insofar as it seeks an award of fees and costs, but DENIED as to the amounts requested.  Plaintiff's counsel shall recover the sums set forth in the R&R, as modified by this Order.

4.  The Clerk shall enter a final judgment providing that Plaintiff, David W. Fulford, shall recover from the Defendant, NCO Financial Systems, Inc., d/b/a NCO-Medclear, the sum of $1,500.00, plus attorneys' fees in the amount of $5,843.25, along with costs in the sum of $395.00.

5.  The Clerk shall close the case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on July 30, 2008.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Party
Magistrate Judge